UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
FILED
Sep 22 2026
ARTHUR JOHNSTON, CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**PATRICK L. NEWELL** **PETITIONER**

**v.** **CIVIL ACTION NO. 2:23-cv-88-TBM-LGI**

**BURL CAIN** **RESPONDENT**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This matter is before the Court on the submission of the Report and Recommendation [17] entered by United States Magistrate LaKeysha Greer Isaac on July 9, 2026. Judge Isaac recommends that Patrick L. Newell's Petition [1] for Writ of Habeas Corpus be dismissed with prejudice. The Court finds that the Report and Recommendation [15] is adopted and Newell's Objection [18] is overruled.

## I. BACKGROUND AND PROCEDURAL HISTORY

Newell was convicted by a Jones County jury in 2020 for possession of methamphetamine with intent to distribute and was sentenced as a habitual offender to a 30-year term of imprisonment, with 25 years to serve, and 5 years of supervised release. His conviction arose out of a 2017 traffic stop.

On January 13, 2017, Newell was pulled over by Officer Stiglett in Jones County, Mississippi for driving up to forty-five miles per hour in a thirty-five-mile-per-hour zone. Officer Stiglett asked Newell to step out of the vehicle and observed that Newell was breathing hard, was sweating, and appeared nervous. When asked if his vehicle could be searched, Newell refused. At that time, Lieutenant Robert Little and Investigator Jeff Monk arrived on scene to assist Officer Stiglett with the traffic stop. And based upon Newell's behavior, Officer Stiglett's knowledge of

Newell's prior history with narcotics, and information from a reliable confidential informant, Officer Stiglett left the scene to obtain a search warrant. Newell was granted permission to leave the scene, but Lieutenant Robert Little and Investigator Jeff Monk maintained custody of the vehicle while Officer Stiglett obtained the search warrant. Once Officer Stiglett returned with the signed search warrant, Newell's vehicle was searched and the officers discovered sandwich bags, rolling papers, a bag of ammunition, a glasses case that contained methamphetamine, a digital scale with methamphetamine residue, and glass pipes. Newell was arrested that same day and was interviewed by Patrol Sergeant Jared Lindsey a few days later. During the interview, Newell discussed the facts and circumstances of the traffic stop and search and was questioned about his participation in or knowledge of other unsolved crimes and investigations.

Newell was charged with possession of methamphetamine with the intent to distribute and was released on bond. While on bond, his first attorney moved to suppress the evidence seized during the search on Fourth Amendment grounds but the motion was never brought for ruling.

Newell proceeded to trial with new counsel. At trial, a video of Newell's interview with Patrol Sergeant Jared Lindsey was admitted into evidence and published to the jury without objection from defense counsel. Newell was found guilty and subsequently appealed. On appeal, Newell argued that trial counsel was ineffective for failing to pursue the motion to suppress or receive a ruling and for failing to object to prior bad act evidence admitted at trial. The court of appeals found the record was not fully developed on the first claim, and dismissed it without prejudice to be raised in post-conviction proceedings. The second claim was denied on the merits. All subsequent petitions for rehearing, certiorari review, and state post-conviction relief were denied.

As explained by Judge Isaac in the Report and Recommendation, Newell now seeks to raise the same ineffective assistance of counsel claims raised on appellate and post-conviction review. Newell timely filed an Objection [18] to the Report and Recommendation.

**II. DISCUSSION AND ANALYSIS**

"[P]arties filing objections must specifically identify those findings objected to." *Johansson v. King*, No. 5:14-cv-96-DCB, 2015 WL 5089782, *2 (S.D. Miss. Aug. 27, 2015). The Court must review any objected-to portions of a report and recommendation *de novo*. Such a review means that the Court will consider the record developed before the Magistrate Judge and make its own determination on the basis of that record. *United States v. Raddatz*, 447 U.S. 667, 675, 100 S. t. 2406, 65 L. Ed. 2d 424 (1980). But the objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Additionally, "[m]erely reurging the allegations in the petition or attacking the underlying conviction is insufficient to receive de novo review[.]" *Id*. When a *de novo* review is not warranted, the Court need only review the findings and recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Moreover, where the objections are repetitive of the arguments already made to the magistrate judge and the district court finds no error, the court need not make new findings or reiterate the findings of the magistrate judge. *Hernandez v. Livingston*, 495 F. App'x 414, 416 (5th Cir. 2012); *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993). Newell timely filed an Objection

to the Report and Recommendation and asserts six objections and requests that this Court review the record *de novo*.[1]

**A. Reurged allegations**

In his first two objections, Newell does not specifically identify those findings or recommendations to which objections are being made. Instead, he merely reurges the allegations found within his Petition.

First, he reurges his claim that trial counsel was "ineffective for not filing a motion to suppress evidence to a ruling." [1-3], p. 2; [18], p. 1 ("Trial Counsel Was Ineffective For Failing To Obtain A Ruling On The Motion to Suppress"). Second, he reurges his claim pertaining to the speeding violation and its justification. [1-3], pps. 1-2; [18], p. 3. Since Magistrate Judge Isaac thoroughly considered both of these allegations in the Report and Recommendation, Newell's Objections "are repetitive of the arguments already made to the magistrate judge," and *de novo* review is not warranted. *Hernandez*, 495 F. App'x at 416. Upon finding no error in Magistrate Judge Isaac's Report and Recommendation, this Court "need not make new findings or reiterate the findings of the magistrate judge." *Id*. Even if this Court conducted *a de novo* review, however, Newell's objections would still be overruled, and the Report and Recommendation would be adopted as the opinion of the Court because Judge Isaac appropriately applied the law to the facts. *Raddatz*, 447 U.S. at 675.

For example, in finding that Newell's trial counsel was not ineffective in deciding to abandon the previously filed motion to suppress, Judge Isaac properly applied Fifth Circuit law. In

[1] Although Newell's request for a *de novo* review is listed under "Objection Seven," Newell makes no specific objection to Judge Isaac's findings within the Report and Recommendation under this "Objection," so this Court cannot construe it as an objection. The Court will still apply a *de novo* review where applicable under the law.

doing so, Judge Isaac considered whether the "motion to suppress would have been successful." [17], pps. 7-8 (citing *United States v. Oakley*, 827 F.2d 1023, 1025 (5th Cir. 1987)). Judge Isaac found that because the traffic stop was not based on pretextual speeding violations, trial counsel was not ineffective for failing to pursue it as a basis for suppressing the evidence. Judge Isaac also determined that because Newell's vehicle was searched pursuant to a valid warrant, "it was not unreasonable for counsel to conclude that a suppression motion on this basis would have been futile." *Id.* at p. 20. This Court agrees. Under any standard, Newell's objections are overruled and the Court adopts Judge Isaac's analysis and ultimate recommendation on these issues.

**B. Objection three**

According to Newell, the Report and Recommendation improperly "relies on statements contained in the search warrant affidavit indicating that multiple confidential informants implicated Petitioner." [18], p. 4. Since "trial counsel never litigated the reliability of the affidavit through suppression proceedings . . . The Court should not rely upon untested allegations . . . to conclude counsel's failure to pursue suppression caused no prejudice." *Id.*

Under the two-prong test set forth in *Strickland v. Washington*, proving prejudice requires a showing "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Prejudice generally exists only if the defendant demonstrates that he would have received less jail time. *United States v. Grammas*, 376 F.3d 433, 437-38 (5th Cir. 2004). This is because "[a]ny error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

Here, Newell takes issue with the Report and Recommendation's alleged reliance on statements within the search warrant affidavit and their reliability. But "[a]n affidavit used to support a search warrant is presumed valid." *Franks v. Delaware*, 438 U.S. 154, 171, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978). "The affidavit's veracity may be attacked by showing deliberate falsehood or reckless disregard for the truth by the affiant." *Garcia v. Thaler*, No. 08-2673-MH, 2010 WL 793691, *7 (S.D. Tex. Mar. 5, 2010) (citing *Franks*, 438 U.S. at 171). Newell does neither. In fact, Newell presents no analysis, much less any evidence, in support of his argument. Without more, Newell has not shown that trial counsel's failure to pursue suppression on this issue caused prejudice. *Strickland*, 466 U.S. at 687. His objection on this ground is overruled.

**C. Objection Four**

Next, Newell argues that the Report and Recommendation misapplied the *Strickland* prejudice standard. Specifically, Newell claims that the Report and Recommendation "failed to properly apply *Rodriquez* . . . regarding prolonging a traffic stop without independent reasonable suspicion." [18], p. 5. That is the extent of his objection, as Newell provides no argument explaining how *Rodriguez v. United States*, 575 U.S. 348, 135 S. Ct. 1609, 191 L. Ed. 2d 492 (2015), was misapplied. Since conclusory or general objections are insufficient to warrant *de novo* review, the Court finds no error in Magistrate Judge Isaac's Report and Recommendation. *See Battle*, 834 F.2d at 421 (5th Cir. 1987).

Even if this Court were to conduct a *de novo* review of the record, Newell's objection on this ground would still be overruled, and the Report and Recommendation would be adopted as the opinion of the Court given that Judge Isaac appropriately applied *Rodriguez* to the facts in this

case. *Raddatz*, 447 U.S. at 675.[2] In *Rodriguez*, the Supreme Court determined that a traffic stop becomes unlawful "if it is prolonged beyond the time reasonably required to complete the mission of issuing a ticket for the violation." *Rodriguez*, 575 U.S. 350-51. The traffic stop may be extended, however, if the officer has reasonable suspicion of additional criminal activity. *See id*. at 355. Here, Judge Isaac found that because Officer Stiglett received a tip from a reliable confidential informant that Newell was using his vehicle to run drugs from Ellisville to Wayne County around the time of the traffic stop, that Officer Stiglett had reasonable suspicion to believe there was contraband in the vehicle. Thus, because of this and the other suspicious circumstances identified by Magistrate Judge Isaac, it was appropriate for the traffic stop to be extended to obtain a search warrant. Therefore, Newell's objection would be overruled and the Report and Recommendation would be adopted under any standard.

**D. Objection Five**

In this objection, Newell argues that the Report and Recommendation "gives excess weight to nervousness and prior conduct." [18], p. 6. He claims that it "relies in part on Petitioner's nervous behavior and previous narcotics investigations to conclude there was reasonable suspicion and probable cause." *Id*. Since "nervousness is common during police encounters and standing alone is entitled to little weight," Newell argues that the Report and Recommendation erred on this ground. *Id*. But the Report and Recommendation specifically states that "as Newell points out,

[2] Newell also asserts that the "Report repeatedly concluded that because the suppression motion supposedly would have failed, Petitioner cannot establish prejudice." [18], p. 4. But Magistrate Judge Isaac thoroughly considered this argument in the Report and Recommendation, and Newell's Objection on this ground is "repetitive of the arguments already made to the magistrate judge," and *de novo* review is not warranted. *Hernandez*, 495 F. App'x at 416. Upon finding no error in Magistrate Judge Isaac's Report and Recommendation on this ground, this Court "need not make new findings or reiterate the findings of the magistrate judge." *Id*.

though frequently cited as a factor to justify continued detention of a motorist, nervousness is not, standing alone, sufficient to support reasonable suspicion." [17], pps. 16-16. Newell also argues that "prior police familiarity does not satisfy" the reasonable suspicion standard. Here, however, the reasonable suspicion was also based on a trusted confidential informant's tip, which is proper "so long as the information is marked by 'indicia of reliability.'" *United States v. Powell*, 732 F.3d 361, 369 (5th Cir. 2013) (citing *Adams v. Williams*, 407 U.S. 143, 147, 92 S. Ct. 1921, 32 L. Ed. 2d 612 (1972)). The confidential informant reported they had previously purchased drugs from Newell and that Newell was using his vehicle to run drugs from Ellisville to Wayne County around the time of the traffic stop. Accordingly, Judge Isaac found that under Fifth Circuit law, Newell's behavior and his prior conduct, taken together, gave rise to reasonable suspicion. So not only did Judge Isaac appropriately apply the law, but the outcome was ultimately what Newell argued for in his Objection. His objection on this ground is overruled.

**E. Objection Six**

Newell's sixth objection is merely a list of his prior objections. All are addressed above in this opinion and thoroughly addressed in the Report and Recommendation. Further, Newell offers no argument, analysis, or authority to support his position. This objection is baseless.

**F. Objection Seven**

Finally, Newell argues that he is entitled to an evidentiary hearing since there is "conflicting testimony" regarding information that was raised in the motion to suppress, which was not pursued at trial. [18], pps. 8-9. And because trial counsel could have pursued both the suppression motion and his preferred trial strategy— which was to question the real purpose of the stop and search in an effort to cast doubt on the reliability of the officers' testimonies, rather than

seeking to suppress evidence as fruit of the poisonous tree—Newell argues "that also proves trial counsel performed deficiently." *Id.* at p. 9. But under the *Strickland* standard, strategic choices by counsel "are virtually unchallengeable." *Strickland*, 466 U.S. at 690; *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985) ("the filing of pre-trial motions 'falls squarely within the ambit of trial strategy.'") (quoting *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984)). "Such a conscious and informed decision, based on trial tactics and strategy, cannot form the basis for federal habeas corpus relief unless it is so ill-chosen that it permeates the entire trial with obvious unfairness." *Rose v. Johnson*, 141 F. Supp. 2d 661, 984 (S.D. Tex. 2001) (citing *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)). Newell has not shown such unfairness here.

Indeed, "[t]he standard for ineffective assistance of counsel in this context is based upon whether the motion to suppress would have been granted had it been made." *Rose*, 141 F. Supp. 2d at 984. The record before this Court, however, shows that Newell likely would not have prevailed at a suppression hearing because of the officer's testimony that Newell was speeding—in addition to the laundry list of what was presented as probable cause to obtain a search warrant. Based on the record, the motion to suppress would likely have been unsuccessful and Newell has not shown ineffective assistance of counsel on this ground. This objection is without merit.[3]

[3] To be sure, Newell has not shown through any of his objections that he is entitled to relief under the Antiterrorism and Effective Death Penalty Act of 1996. While "[s]urmounting *Strickland's* high bar is never an easy task," "[e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Charles v. Stephens*, 736 F.3d 380, 389 (5th Cir. 2013) (citation omitted). Indeed, both the *Strickland* standard and the AEDPA standard are "highly deferential," and "when the two apply in tandem, review is 'doubly' so." *Id.* Here, Newell has not come close to meeting this high bar. Mississippi state courts have already been given the opportunity to review Newell's arguments, and he has not shown that the state court unreasonably applied the *Strickland* standard or that, even if it had, the state court incorrectly applied clearly established federal law. *See Lowe v. Mills*, No. 2:21-cv-9-KS, 2023 WL 10366709, *9 (S.D. Miss. Oct. 31, 2023) (citing *Harrington v. Richter*, 562 U.S. 86, 101, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011)).

## III. CONCLUSION

IT IS ORDERED that the Report and Recommendation [17] entered by United States Magistrate LaKeysha Greer Isaac on July 17, 2026, is ADOPTED as the opinion of the Court. Patrick L. Newell's Objection [18] is OVERRULED and his Petition [1] for Writ of Habeas Corpus is dismissed with prejudice.

THIS, the 22nd day of September, 2026.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE